# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  4:13cr458 |
| | ) | |
| | ) | |
| RESPONDENT, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ANTHONY CUNNINGHAM, | ) | |
| | ) | |
| | ) | |
| PETITIONER. | ) | |

Before the Court is a motion to vacate, set aside or correct sentence filed by *pro se* petitioner Anthony Cunningham ("petitioner" or "Cunningham") pursuant to 28 U.S.C. § 2255 (Doc. No. 39 ["Mot."]). Respondent United States of America ('respondent" or the "government") opposes the motion (Doc. No. 41 ["Opp'n"]), and petitioner has filed a reply (Doc. No. 42 ["Reply"]).

## I. BACKGROUND

On August 2, 2013, officers executed a search warrant at petitioner's residence in Salineville, Ohio. The basis for the warrant was two controlled purchases of heroin by a confidential informant at the residence. Upon their arrival at the residence, officers found petitioner and a second male. Both men were detained during the search that followed.

In the residence's only bedroom, Detective Mike Hardy of the Columbiana County Drug Task Force ("CCDTF") found a .40 caliber Derringer firearm. Following the discovery of the weapon, CCDTF Detective Troy Walker asked petitioner

about the weapon, noting that it was his understanding that Cunningham was under a disability to possess a gun. Petitioner acknowledged that he was under such a disability, but explained that he had recently purchased the weapon for his protection.

The search yielded heroin, a scale, U.S. currency, crack cocaine, multiple cell phones, and the aforementioned weapon. At the conclusion of the search, petitioner was arrested on a state charge of possessing a weapon while under a disability. On October 16, 2013, petitioner was charged in federal court with one count of maintaining a residence for the purpose of distributing heroin, in violation of 21 U.S.C. § 856(a)(1) and (b), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1 [Indictment].)

Petitioner subsequently moved to suppress all evidence seized during the August 2, 2013 search and all statements made by him to officers. (Doc. No.  17.) The Court conducted an evidentiary hearing on the motion on December 16, 2013, and, on January 10, 2014, issued an Opinion and Order denying the motion. (Doc. No. 21.)

On January 24, 2014, and pursuant to a plea agreement, petitioner entered a counselled guilty plea before a magistrate judge to the second count of the indictment, being a felon in possession of a firearm. (*See* Doc. No. 34 [Plea Agreement].) On March 25, 2014, the Court adopted the magistrate judge's recommendation that petitioner's guilty plea to count two be accepted. (Doc. No. 33.)

The plea agreement also contained a comprehensive waiver of rights. According to the agreement, petitioner expressly and voluntarily waived his right to appeal his conviction or sentence, "including the appeal right conferred by 18 U.S.C. §

2

3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255." (*Id.* at 236.) The plea agreement did, however, reserve petitioner's right to appeal: (1) any punishment in excess of the statutory maximum; (2) any sentence exceeding the maximum range determined by the U.S. Sentencing Guidelines; and (3) the Court's determination of petitioner's criminal history category at sentencing; and (4) the Court's ruling on petitioner's suppression motion. (*Id.*) The waiver provision further provided that it did not bar petitioner's legal remedies relating to claims of ineffective assistance of counsel and prosecutorial misconduct. (*Id.*)

The sentencing hearing was conducted on April 24, 2014, at which time the Court sentenced petitioner to a term of imprisonment of 72 months on Count 2 of the indictment. (Doc. No. 37.) In accordance with the terms of the plea agreement, count one of the indictment—maintaining a residence for the distribution of heroin—was dismissed. (*Id.*; *see* Plea Agreement at 234.) Petitioner did not take a direct appeal from his conviction and sentence. Rather, on September 15, 2014, petitioner filed the instant § 2255 motion in this Court.

## II.  PETITIONER'S MOTION TO VACATE UNDER § 2255

### A.  Standard of Review

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the

Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To assert a claim not raised on direct appeal, a petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 1584, 1603-04, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague, conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not

4

enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id.* (citations omitted).

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255." (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual

narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

B.    **Issues Waived by the Plea Agreement**

Three of the grounds for relief set forth in petitioner's § 2255 motion are precluded by the waiver provision in the plea agreement: (Ground 1) that petitioner was not properly *Mirandized* prior to the search of his residence, (Ground 2) that officers gave false testimony against him, and (Ground 3) that officers conspired with hospital staff to ensure that he was prematurely released from the hospital so that he would be present for the August 2, 2013 search. Because petitioner knowingly and voluntarily waived his right to raise these issues on direct appeal or in a § 2255 motion, they are waived.

It is well settled that a defendant may waive any right, including a constitutional right, in a plea agreement if the waiver is knowingly and voluntarily made. *United States v. Toth*, 668 F.3d 374, 377-78 (6th Cir. 2012); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (quotation marks and citations omitted). Where a knowing and voluntary waiver has been executed, only challenges to the validity of the waiver itself are to be entertained. *See In re Acosta,* 480 F.3d 421, 422 (6th Cir. 2007); *see also United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) ("When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances.") (quotation marks and citation omitted).

In the plea agreement, petitioner specifically waived his right to file a § 2255 motion. During the guilty plea hearing, the magistrate judge engaged petitioner in a

thorough plea colloquy during which the magistrate judge reviewed with petitioner the elements and statutory penalties of the charge to which he was pleading, the factual predicate supporting the charge, and the contents of the plea agreement (including the waiver provision). Petitioner stated, on the record, that he agreed with the factual basis set forth in the plea agreement for his conviction on Count 2. (Doc. No. 31 [Plea Hearing Tr.] at 198-99, citing Plea Agreement at ¶ 18.) He further stated that he understood the trial and appellate rights he was giving up by pleading guilty (*id*. at 200-02) and understood the appellate and post-conviction rights he was forgoing under the terms of the plea agreement. (*Id*. at 203-04.) Additionally, petitioner stated that he had sufficiently discussed the plea agreement and his plea with counsel, and that he satisfied with his attorney's representation. (*Id*. at 187.). Finally, he insisted that no one had coerced him to plead guilty or promised him anything in exchange for his guilty plea. (*Id*. at 205.)

Based on the foregoing, the magistrate judge, and ultimately this Court, found that petitioner had entered a knowing and voluntary guilty plea. (*Id.* at 206; *see* Doc. No. 33.) The Court, once again, finds that petitioner understood the nature of the waiver and that he entered into it voluntarily, after having been afforded sufficient time to consult with counsel. *See Blackledge v. Allison*, 431 U.S. at 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier" in subsequent collateral proceedings.) Even now, petitioner does not suggest that his waiver was other than knowing and voluntary. Consequently, the Court finds that his knowing and voluntary waiver precludes the first three grounds of relief advanced in his motion.

Even if the Court could reach these claims, they would be subject to dismissal as petitioner fails to substantiate his claims with specific facts lending some probability of verity. In his first ground, petitioner alleges that the officers should have given him his *Miranda* warnings immediately upon the officers' entry into his residence on August 2, 2013 because "the officials kn[ew] they came to arrest him[,]" and adds that, "for the record, my violations of my rights are not the first time that this same office has been taken to court over similar incidents." (Mot. at 293-94.) Likewise, in his second ground, petitioner states simply that "the officers did give false testimony under oath, on the witness stand[]" and that he is "currently attempting to get concrete evidence" to support this claim. (Mot at 294.) In his third ground, petitioner maintains that unnamed officers "conspired" with unidentified "hospital staff" to ensure that he was "discharged from the hospital on the evening of August 1, 2013 to be at home when the police arrived the next morning." (*Id.*) These vague and conclusory statements about the actions of unknown and unnamed individuals, without substantiating allegations of specific facts, are insufficient to state claims cognizable under § 2255. *See Green*, 454 F.2d at 53. Accordingly, the first three grounds are subject to dismissal for this additional reason.[1]

C.      **Ineffective Assistance of Counsel**

In his fourth and final ground for relief, petitioner maintains that his trial counsel provided ineffective representation. The Sixth Circuit has explicitly recognized

---

[1] As a further reason for dismissal of these claims, the Court notes that, to the extent these avenues for relief were not foreclosed by the waiver in the plea agreement, they should have been raised on direct appeal. Petitioner's application fails to offer any explanation as to his failure to raise these claims in a direct appeal, and articulates no specific facts demonstrating his actual innocence or an intervening change in the law. *See Bousley*, 523 U.S. at 622; *Frady*, 456 U.S. at 1603-04.

8

that a § 2255 motion is the proper vehicle for raising an ineffective counsel claim and that it would not entertain such a claim in a direct appeal, thus petitioner has properly brought this claim before this Court. *Singleton v. United States*, No. 93-4253, 1994 WL 464245, at *1 (6th Cir. Aug. 26, 1994) (citing, among authorities, *United States v. Carr*, 5 F.3d 986, 993 (6th Cir. 1993)); *see also Massaro v. United States*, 538 U.S. 500, 504-05, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (Supreme Court holding that a § 2255 motion is preferable to a direct appeal for deciding an effective-assistance claim).

Claims of ineffective assistance of counsel are analyzed under the familiar *Strickland* standard. Under *Strickland*, in order to succeed on such a claim, a defendant must make two showings. First, he "must show that [his] counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Second, the defendant must also show that counsel's deficient performance prejudiced him. *Id*.

Under the first *Strickland* prong, deficient performance means that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. At this stage of the analysis, the proper measure of attorney performance is an "objective standard of reasonableness," with reasonableness judged based on the particular case's facts, viewed as of the time of the attorney's conduct. *Id*. at 688, 690. Judicial scrutiny of counsel's performance, however, is "highly deferential." *Id*. at 689. Further, a court's focus is on the adequacy of "counsel's actual performance, not counsel's (hindsight) potential for improvement." *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998) (citation omitted).

9

In considering the second *Strickland* prong, petitioner is required to show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. However, "[an] error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691 (citation omitted). Petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In the context of a guilty plea, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). While petitioner does not have to demonstrate that he would have prevailed at trial, a petitioner alleging ineffective assistance of counsel in connection with his guilty plea must establish both deficient performance and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (quotation marks and citations omitted); *see Griffin v. United States*, 330 F.3d 733, 737 n.1 (6th Cir. 2003) (citation omitted).

When reviewing claims of ineffectiveness of counsel, the Court is mindful that its scrutiny of defense counsel's performance is highly deferential. Petitioner's counsel is strongly presumed to have rendered adequate assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound strategy.

10

*Strickland*, 466 U.S. at 689-90 ("strong presumption" that counsel's conduct fall within a wide range of reasonable professional assistance); *see Nix v. Whiteside*, 475 U.S. 157, 165, 106 S. Ct. 988, 89 L. Ed. 2d 123 (1986).

Petitioner lodges five complaints relative to his counsel's performance. First, he suggests that his counsel "failed to do most of the follow ups that I requested of him[.]" (Mot. at 295.) Second, he claims that counsel "failed to make the proper inquiry with the hospital so that there would be a record of the collaboration of the police with the hospital that would have shown how they outlined the plot to [have] me released in failing health to go home and be present for the police raid." (*Id*.) Third, he maintains that counsel "failed to obtain and submit evidence that would have possibly exonerated me from the firearm charge." (*Id*.) Fourth, he posits that his attorney "failed to follow up on the cucial [sic] mistakes concerning the [confidential informant], for there exited proof that at the time of those alleged controlled buys, that the petitioner was not even in the vicinity of the entire county of Columbiana." (*Id*.) Fifth and finally, petitioner insists that his attorney "failed to do a line of questioning [at the suppression hearing] that was crucial to the violation of" his Fourth Amendment rights. (*Id*.)

Once again, petitioner has couched his ground for relief in vague and conclusory language that fails to state a cognizable claim. He does not identify what "follow ups" his counsel failed to perform, what evidence might have "exonerated" him of the firearm charge, what line of questioning was not pursued at the suppression

hearing, or what deficiencies plagued the controlled buys.[2] Additionally, he offers no factual predicate for his claim that unidentified officers conspired with unknown medical personnel to ensure that he was present at the residence at the time of the search. These bare allegations are far too vague and conclusory to support a claim for ineffective assistance of counsel. *See Ross v. United States*, 339 F.3d 483, 494 (6th Cir. 2003) ("An allegation entirely unsupported by the record cannot meet the prejudice component of the *Strickland* inquiry."); *Galbraith v. United States*, 313 F.3d 1001, 1008-09 (7th Cir. 2002) (affirming the district court's rejection of a claim of ineffective assistance of counsel, where the petitioner offered only his own "naked assertions" as to his counsel's deficient performance and "present[ed] no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim").

In the absence of supporting evidence, the court must conclude that counsel's decisions regarding investigation, theories of defense, and pursuit of lines of questioning were made in the exercise of reasonable professional judgment and sound strategy. *See Nix*, 475 U.S. at 165-66; *Strickland*, 466 U.S. at 689-90; *Skaggs v. Parker*, 235 F.3d 261, 268 (6th Cir. 2000). Petitioner has not come forward with sufficient credible facts and probative evidence to rebut this strong presumption, and his claim of

---

[2] With respect to the controlled buys by the confidential informant, petitioner underscores the fact that he was "not even in the vicinity" of the residence at the time the buys took place. (*Id.*)  As the government notes, however, petitioner was not charged with being present at the scene, and such a fact was not a necessary fact to the charge of maintaining a residence for the purpose of distributing heroin.

ineffective assistance of counsel is subject to dismissal. *Strickland*, 466 U.S. at 689-90.

>    D.    **Petitioner is not Entitled to an Evidentiary Hearing on the Grounds Raised in his Petition**

In apparent recognition that the record and his petition do not support his claims, petitioner argues that he should be afforded an evidentiary hearing so that he can "prove" his claims. (Doc. No. 42 [Reply] at 311.) He explains that while he "is not in any position to go and get the affidavits needed, . . . his evidentiary hearing in a court of law will require the actors [to] come forth and talk." (*Id*.) According to petitioner, "if petitioner is given a[n] evidentiary hearing he may very [well] prove that his claims have validity . . . and are not just 'inherently incredible['] as the AUSA states." (*Id*. at 313.)

Petitioner is not entitled to an evidentiary hearing to determine *if* facts exist to support his claims. Rather "the pertinent case law demands a threshold showing beyond mere speculation or conclusory, unsupported allegations in order to warrant an evidentiary hearing." *Black v. United States*, No. 09-CR-20093, 2014 WL 2894285, at *4 (E.D. Mich. June 26, 2014) (denying request for an evidentiary hearing to deter "whether or not" counsel was effective) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Petitioner has failed to come forward with any "detailed factual allegations which, if true, would entitle him to relief under § 2255." *Napier*, 1993 WL 406795, at *2 (citing, among authorities, *Machibroda*, 368 U.S. at 496). Having fallen woefully short of the mark, petitioner is not entitled to an evidentiary hearing on the issues identified in his petition.

>    E.    **Instruction to File an Appeal**

In his reply brief, petitioner argues, for the first time, that his trial counsel

13

failed to file petitioner's "notice of appeal even after at least three requests, that this petitioner requested for him to do so." (Reply at 312.) In support of this newly minted allegation, petitioner offers an unsigned and undated affidavit that provides simply that "my attorney, James Gentile, did not file a notice of appeal as I requested[."] (Doc. No. 42-1 [Affidavit] at 315.) The Sixth Circuit has held that, "even when a defendant waives all or most of his rights to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Campbell v. United States*, 686 F.3d 353, 358-60 (6th Cir. 2012).

Nonetheless, the issue was raised, for the first time, in a reply brief. Ordinarily, the Court would not consider an argument raised in a reply brief. The "Sixth Circuit has consistently held that arguments made for the first time in a reply are waived." *United States v. Pineda-Parada*, Criminal No. 5:12-CR-28-JMH-HAI, 2014 WL 7405700, at *4 (E.D. Ky. Dec. 30, 2014) (citing, among authority, *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2910); *see United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993) ("Issues raised for the first time in a reply brief are not properly before th[e] court."); *Hadley v. United States*, Criminal Case No. 1:06-CR-5, 2010 WL 2573490, at *6 (W.D. Mich. June 22, 2010) ("It is well-established that a party, including a movant in a motion under § 2255, may not raise an argument for the first time in a reply brief."); *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004) ("A court cannot consider new issues raised in a traverse or reply to the [government's] answer."). However, in light of the fact petitioner specifically reserved the right to appeal the

14

Court's denial of his suppression motion, and no such appeal was ever filed, the Court finds that it would be appropriate to develop the record on this narrow issue. Thus, the Court will receive further briefing from the parties on this issue. After the matter is fully briefed, the Court will determine whether an evidentiary hearing, limited to this one issue, is warranted.

### III. PETITIONER'S MOTION FOR COMPASSIONATE RELEASE

In a series of letters to the Court, petitioner has also requested that the Court reduce his sentence because he is seriously ill and would like to be released so that he may spend more of his remaining time with his family. While the Court is sympathetic to petitioner's situation, it is without authority to grant his request.

The authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 858 (6th Cir. 2001)). The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009).

Section 3582 of Title 18 of the United States Code provides "The court may not modify a term of imprisonment once it has been imposed except that . . . the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) . . . ." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). In the absence of a motion by the Director of the

Bureau of Prisons to reduce defendant's term of imprisonment, this Court lacks the jurisdiction under § 3582 to grant the relief petitioner requests. *See Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (district courts "lack[] jurisdiction to sua sponte grant compassionate release") (citing § 3582); *see also Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011) (a district court lacks the authority to review a decision by the BOP to not seek a compassionate release). The Director of the Bureau of Prisons has not filed any such motion and, therefore, the Court lacks jurisdiction to grant petitioner's motion pursuant to this provision.

Section 3582 also allows a court to modify "an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" § 3582(c)(1)(B). Rule 35, in turn, permits a court to correct within fourteen days after sentencing, "a sentence that resulted from arithmetical, technical, or other clear error[,]" or to reduce a sentence for "substantial assistance," upon the government's motion. Fed. R. Crim. P. 35(a). Rule 35 relief is not applicable, and petitioner has failed to identify any statute that would entitle him to a sentence reduction.

Finally, § 3582(c)(2) permits a reduction of a sentence of imprisonment when the sentence was based upon a sentencing range that has subsequently been lowered by the Sentencing Commission in certain circumstances. As with the other provisions of § 3582, this section of the statute is not applicable herein.

On the basis of the foregoing, petitioner's motion to reduce his sentence is DENIED.

16

### IV. CONCLUSION

For all of the foregoing reasons, petitioner's motion to issue a compassionate release is DENIED. Additionally, petitioner's motion to vacate or set aside his sentence, as it pertains to the four grounds raised in petitioner's application, is also DENIED. The government is directed to file, by September 25, 2015, a response to petitioner's argument that his trial counsel refused to follow his instructions to file a direct appeal challenging the Court's suppression ruling. Petitioner may file a reply, limited to trial counsel's alleged failure to appeal the suppression ruling, by October 16, 2015. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 3, 2015

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**