**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS.  4:13CR458 |
| | ) | 4:14CV2047 |
| | ) | |
| RESPONDENT, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| ANTHONY CUNNINGHAM, | ) | |
| | ) | |
| PETITIONER. | ) | |

In a Memorandum Opinion and Order, dated September 3, 2015, the Court denied, in substantial part, the motion to vacate, set aside or correct sentence filed by *pro se* petitioner Anthony Cunningham ("petitioner" or "Cunningham"). (Doc. No. 45 (Memorandum Opinion ["MO"].) The only issue left unresolved by the Court's ruling was the question of whether petitioner's trial counsel failed to file a notice of appeal after being directed to do so by petitioner. On this final issue, the Court requested additional briefing, and the parties have filed their supplemental briefs. (Doc. No. 47 (Government's Supplemental Brief ["Res. Supp."]); Doc. No. 54 (Petitioner's Supplemental Brief ["Pet. Supp."]).)

In his reply brief in support of his motion to vacate, petitioner argued, for the first time, that his attorney did not file a notice of appeal as he had requested. (Doc. No. 42-1 (Affidavit) at 315.) Though raised in a reply, and out of an abundance of caution, the Court determined that it would be appropriate to further develop the record to determine whether an evidentiary hearing, limited to this one issue, was warranted. (MO at 336.)

In its supplemental response, the government indicates that it inadvertently

misrepresented the nature of the plea agreement by suggesting that Cunningham had reserved the right to appeal the Court's denial of his motion to suppress. (Gov. Supp. at 341.) In actuality, Cunningham only reserved the right to appeal certain, enumerated bases, and the right to appeal the Court's suppression ruling was not among those rights reserved. (*Id.*) As a result, it is the government's position that petitioner cannot meet the two prongs of the ineffectiveness test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Because petitioner waived the right to appeal the suppression motion, the government insists that, even if his trial counsel failed to honor a request to file a notice of appeal, such a decision would have been "objectively reasonable." Continuing on, because any appeal from the suppression motion would have been foreclosed by the plea agreement, the government posits that petitioner cannot demonstrate that he suffered any prejudice. According to the government, such a failure, therefore, could not be the result of ineffective assistance of counsel. (Gov. Supp. at 342-43.)

Such reasoning runs contrary to the Sixth Circuit's decision in *Campbell v. United States*, 686 F.3d 353 (6th Cir. 2012). There, the petitioner entered a guilty plea, pursuant to a plea agreement that contained a waiver of most appellate rights. In his subsequently filed § 2255 motion, the petitioner argued that he was denied effective assistance of counsel when his attorney failed to file a requested notice of appeal. The district court denied the motion, without a hearing, reasoning that the petitioner could not show ineffective assistance under *Strickland* owing to the broad waiver provision in the plea agreement. *Id*. at 356.

On appeal, the Sixth Circuit reversed, and remanded the matter to the district court for an evidentiary hearing on the factual question of whether the petitioner had instructed his trial counsel to file a notice of appeal. *Id*. at 360. In so ruling, the Sixth Circuit announced

that it was joining the majority of courts that had addressed the issue by holding that "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Id*. at 358-60 (collecting cases). Further, because resolution of the factual question of whether the petitioner asked his counsel to file a notice of appeal and whether counsel ignored the request was "pivotal" to resolution of the petitioner's ineffectiveness argument, the court remanded the matter to the district court for an evidentiary hearing "to determine if [petitioner] in fact expressed the desire for an appeal as he now asserts." *Id*. at 360; *see, e.g., Pola v. United States*, 778 F.3d 525, 535 (6th Cir. 2015) (petitioner "is entitled to an evidentiary hearing to develop his claim because his factual narrative [that he asked his counsel to file a notice of appeal] is not inherently incredible") (quotation marks and citation omitted); *Hamilton v. United States*, 566 F. App'x 440, 445 (6th Cir. 2014) (remand for evidentiary hearing to determine whether petitioner instructed counsel to file a notice of appeal).

Under § 2255, a "hearing is mandatory 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973)); *see Pola*, 778 F.3d at 532 ("If a habeas petitioner presents a factual dispute, then 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'") (quoting *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013)). Indeed, "a Section 2255 petitioner's burden 'for establishing an entitlement to an evidentiary hearing is relatively light.'" *Smith*, 348 F.3d at 551 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). In particular, "where the ultimate resolution rests on a

credibility determination, an evidentiary hearing is especially warranted." *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004) (internal citation omitted).

Here, petitioner represents that he made repeated requests of his trial counsel to file a notice of appeal from the Court's judgment. Because the Court cannot conclusively determine from the record that petitioner is not entitled to the relief he seeks—leave to file a direct appeal—the Court finds that an evidentiary hearing is necessary. Further, because petitioner is entitled to an evidentiary hearing, the Court must appoint counsel to represent him at the evidentiary hearing. *See Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts,* 28 U.S.C. foll. § 2255. Accordingly, the Court will conduct an evidentiary hearing on the limited question of whether petitioner's trial counsel ignored an instruction from him to file a notice of appeal from this Court's judgment. Prior to the hearing, the Court shall appoint counsel for petitioner.

Petitioner has also filed a motion, pursuant to Fed. R. Civ. P. 59(e), for reconsideration of the Court's order denying his motion to amend his § 2255 motion. (Doc. No. 53 (Motion for Reconsideration ["Mot. Recon."]).) Specifically, he challenges the Court's determination that a letter he produced from the hospital where he was receiving medical treatment did not constitute newly discovered evidence that would have altered the Court's decision on his § 2255 motion. (Doc. No. 51 (Order) at 369; *see* Doc. No. 48 (Motion to Amend) and Doc. No. 48-1 (Letter).)

Petitioner, however, has limited his Rule 59(e) motion to a rehashing of his argument originally offered in his reply brief and his general disagreement with the Court's resolution of his motion to amend. "Motions for reconsideration do not allow the losing party to 'repeat arguments previously considered and rejected[.]'" *Owner-Operator Indep. Drivers Ass'n,*

4

*Inc. v. Artic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (citation omitted); *see Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (Rule 59(e) is not designed to give unhappy litigants an opportunity to re-litigate matters already decided) (citation omitted); *Database Am., Inc. v. Bellsouth Adver. & Publ'g*, 825 F. Supp. 1216, 1219-20 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (quotation marks and citations omitted). Because petitioner's motion for reconsideration does nothing more than raise a disagreement with the Court's prior ruling, it fails to meet the requirements for reversal under Rule 59(e) and is denied.

**IT IS SO ORDERED**.

Dated: November 23, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**