# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:13CR458 |
| | ) | 4:16CV2929 |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ANTHONY CUNNINGHAM, | ) | |
| DEFENDANT. | ) | |

On December 5, 2016, defendant Anthony Cunningham ("defendant" or "Cunningham") filed a motion styled "Motion to Correct Error Pursuant to Federal Rule of Criminal Procedure Rule 52(b) 'Combined' Rule 60(b)(1)." (Doc. No. 66 ["Mot."].)[1] In his motion, defendant maintained that the Court committed "plain error" when it enhanced his sentence under the Sentencing Guidelines because "his prior felonious assault conviction, under Ohio Code Ann. 2903.11(A) is no longer a crime of violence post *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015)." ("Mot. at 458-59) (underlining omitted). In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), which provided, in relevant part, for a mandatory minimum sentence of 15 years imprisonment for felony offenders with three or more prior convictions for "violent felonies" was unconstitutionally vague under due process principles. *Id*. at 2556-57. In his motion, defendant argued that the ruling in *Johnson* should apply with equal force to a similar provision in the Sentencing Guidelines that served as the basis for his base offense level.

---

[1] The United States of America filed a response in opposition to the motion (Doc. No. 68) and the defendant filed a reply in support of the motion (Doc. No. 70).

The government argues that, by characterizing his motion as arising under Rule 52 and 60, defendant is attempting to circumvent the screening requirements of a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court agrees that defendant's motion should be construed as arising under § 2255 inasmuch as it attacks his sentence on the merits and requests resentencing on the grounds that the Court improperly enhanced his sentence in violation of his constitutional rights. *See United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007) (motion, brought under 18 U.S.C. § 3582, challenging the underlying conviction and sentence on the merits was properly construed as a motion under 28 U.S.C. § 2255); *see, e.g., Waspun v. United States*, No. 1:01-CV-638, 2005 WL 2001875, at *1 (W.D. Mich. Aug. 17, 2005) (Rule 60(b) motion properly characterized as successive § 2255 motion where motion "requests resentencing on the grounds that the Court's factual determinations increased his sentence in violation of the Sixth Amendment").

However, the Court need not reach the question of whether the present filing represents a successive § 2255 petition because, even if properly filed, the motion must be denied. On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, distinguishing the ACCA's unconstitutionally vague residual clause from the residual clause in the Sentencing Guidelines. *Beckles v. United States*, --S. Ct.--, 2007 WL 855781 (Mar. 6, 2017). Given the discretionary nature of the Sentencing Guidelines, the Court held that the ruling in *Johnson* could not be extended to invalidate sentences under the guidelines and that, therefore, the residual

clause of U.S.S.G. § 4B1.2(a) was not void for vagueness. *Id*. at *11. This ruling forecloses defendant's motion under 28 U.S.C. § 2255, and the motion is, therefore, denied.[2]

For all of the foregoing reasons, defendant's § 2255 motion (Doc. No. 66) is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: April 3, 2017

                                                         **HONORABLE SARA LIOI**
                                                         **UNITED STATES DISTRICT JUDGE**

---

[2] The present § 2255 motion is also denied as time-barred. On January 24, 2014, defendant, pursuant to a plea agreement, pleaded guilty before the Magistrate Judge to Count 2 of the indictment. On March 25, 2014, the Court adopted the Report and Recommendation of the Magistrate Judge recommending the acceptance of defendant's guilty plea. On April 24, 2014, the Court sentenced defendant to a term of imprisonment of 72 months. Defendant did not appeal his sentence. The present motion to vacate was not filed until December 5, 2016 and, without retroactive application of the ruling in *Johnson*, his motion is untimely. *See* 28 U.S.C. § 2255(f) (providing a one-year statute of limitations for motions to vacate, set aside, or correct a sentence).