UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:13CR458 |
| | ) | 4:16CV2929 |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| ANTHONY CUNNINGHAM, | ) | |
| DEFENDANT. | ) | |

Before the Court are two motions filed by defendant Anthony Cunningham ("Cunningham"): motion for reconsideration of the Court's decision denying his motion to correct error (Doc. No. 76), and motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 77). Both motions are DENIED.

On April 3, 2017, the Court issued a memorandum opinion denying the motion of defendant Anthony Cunningham ("Cunningham") that was purportedly brought under Rules 52(b) or 60(b)(1) of the Federal Rules of Criminal Procedure. (Doc. No. 73 ["MO"].) In that motion, Cunningham had argued that the Supreme Court's decision in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), that served to invalidate the residual clause of the Armed Career Criminal Act ("ACCA"), should be applied to invalidate his sentence under the federal sentencing guidelines. While the Court noted that his motion could be construed as a second or successive petition under 28 U.S.C. § 2255—for which Sixth Circuit permission would be needed—the Court found that, even if properly filed, the motion would be denied. (MO at

535.) In reaching this conclusion, the Court observed that the Supreme Court recently resolved the issue in *Beckles v. United States*, --U.S.--, 137 S. Ct. 886, 895, 197 L. Ed. 2d 145 (2017), by ruling that the holding in *Johnson* could not be extended to invalidate sentences under the guidelines.

Cunningham now seeks reconsideration of this Court's ruling, and relies on case law—including *United States v. Pawlak*, 822 F. 3d 902 (6th Cir. 2016)—that was specifically abrogated by *Beckles*. *See Beckles*, 137 S. Ct. at 892 n.2. The Court did not misapply binding Supreme Court precedent, and Cunningham's motion suggesting otherwise is without merit.

Accordingly, Cunningham's motion for reconsideration is DENIED. Because Cunningham also improperly relies on *Johnson* to support a modification of his sentence under 18 U.S.C. § 3582(c)(2), that motion is also DENIED.

**IT IS SO ORDERED**.

Dated: March 20, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**